UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SEAN SALLEY,

                      Plaintiff,

-against-

MICHAEL CAPRA; MR. THORPE; C. NIXON; ELANE VELEZ; T. ALAM; L. JACKSON-SMITH; QUANDERA QUICK; JOHN DOE,

                      Defendants.

23-CV-4566 (KMK)

ORDER OF SERVICE

---

KENNETH M. KARAS, United States District Judge:

      Sean Salley ("Plaintiff"), who is currently incarcerated at Shawangunk Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Michael Capra; Mr. Thorpe; C. Nixon; Elane Velez; T. Alam; L. Jackson-Smith; Quandera Quick; and John Doe (together, "Defendants") treated him differently than other similarly situated prisoners when he was incarcerated at Green Haven Correctional Facility, in violation of the Fourteenth Amendment's Equal Protection Clause.  By order dated June 7, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]  As set forth below the Court (1) orders service on the named Defendants, (2) directs the New York State Department of Corrections and Community Supervision ("DOCCS") to identify the John Doe Defendant named in this action; and (3) refers Plaintiff to the New York Legal Assistance Group.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.     Order of Service**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Superintendent Michael Capra, Deputy of Security Thorpe, Captain C. Nixon, Deputy Elane Velez, Dr. T. Alam, Deputy L. Jackson-Smith, and Supervisory Quandera Quick through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these named Defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the named Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.

### B.  John Doe Defendant

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOCCS to identify the John Doe Defendant named in this action. It is therefore ordered that the New York State Attorney General, who is the attorney for and agent of DOCCS, must ascertain the identity and badge number of the John Doe Defendant whom Plaintiff seeks to sue here and the address where the John Doe Defendant may be served. The Attorney General must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must notify the Court, in writing, to request that the Court direct the Clerk of Court to add as a Defendant the newly named John Doe Defendant and to issue an order directing the Clerk of Court to complete the USM-285 form with the address for the named John Doe Defendant and deliver all documents necessary to effect service to the U.S. Marshals Service.

### C.  New York Legal Assistance Group

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the

paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Clerk of Court is instructed to (1) issue summonses for Defendants Superintendent Michael Capra, Deputy of Security Thorpe, Captain C. Nixon, Deputy Elane Velez, Dr. T. Alam, Deputy L. Jackson-Smith, and Supervisory Quandera Quick; (2) complete the USM-285 forms with the addresses for these Defendants; (3) deliver all documents necessary to effect service to the U.S. Marshals Service; and (4) mail Plaintiff an information package.

Attached to this order are NYLAG's retainer and intake form. The Clerk of Court is directed to mail a copy of this Order and the attachments to Plaintiff.

The Clerk of Court is directed to mail a copy of this Order and the Complaint to: New York State Attorney General, Managing Attorney's Office, 28 Liberty Street, 16th Floor, New York, NY 10005.

Within thirty days of receiving the name and address for the John Doe Defendant, Plaintiff must notify the Court, in writing, to request that the Court issue an order directing the Clerk of Court to add the newly named Defendant and to effect service on this individual.

SO ORDERED.

Dated:   August 23, 2023
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Superintendent Michael Capra
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

2. Mr. Thorpe, Deputy of Security
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

3. Captain C. Nixon
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

4. Elane Velez, Deputy of Programs
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

5. T. Alam, Medical Doctor
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

6. L. Jackson-Smith, Deputy of Health
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

7. Quandera Quick, IGP Supervisor
   Sing Sing Correctional Facility
   354 Hunter Street
   Ossining, NY 10562-5442

Revised 10/30/22

**LEGAL CLINIC FOR PRO SE LITIGANTS IN THE**
**SOUTHERN DISTRICT OF NEW YORK**

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I. LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future. If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II. FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance. You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility. NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time. NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V. REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                                                          Date


**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

**NYLAG** — New York Legal Assistance Group

**Name** _____   **Date of Birth** _____

**Facility** _____

**Identification #** _____   **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

