UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEAN SALLEY,

                Plaintiff,

      v.

MICHAEL CAPRA, *et al.*,

                Defendants.

No. 7:23-CV-04566 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Sean Salley ("Plaintiff"), who is currently incarcerated at Shawangunk Correctional Facility, brings this Action against several state officers and employees in their individual and official capacity, contending he was transferred from Sing Sing Correctional Facility to his current prison in retaliation for First Amendment-protected conduct. (*See* Compl. (Dkt. No. 1)). Plaintiff moved this Court to appoint counsel. (*See* Appl. for Appointment of Counsel (Dkt. No. 60); Appl. for Appointment of Counsel (Dkt. No. 62); Mot. to Appoint Counsel (Dkt. No. 67).) For the following reasons, his motion is denied without prejudice.

      Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court undertakes a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court

considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (internal quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (internal quotation marks omitted). In so determining, the Court construes pleadings drafted by pro se litigants liberally and interprets them to raise the strongest arguments they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); see also *Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [plaintiff] be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); see also *Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A [defendant] requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (internal quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

2

As a threshold matter, plaintiff has made a "showing of some likelihood of merit." *Maha*, 606 F.3d at 41. As this Court found in its Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss, Plaintiff's Complaint "has adequately alleged that he engaged in protected speech when he submitted a number of grievances regarding prison conditions," has sufficiently alleged "that [his] transfer constituted an adverse action," and has pled his transfer was causally linked to his protected speech by pointing to "a number of statements to Plaintiff which may be construed as direct evidence of retaliatory animus," the "temporal proximity between Plaintiff's complaints and his transfer," and "Defendants' involvement in [his] retaliatory transfer." (Op. & Order 11–14 (Dkt. No. 52)). The Court also found Plaintiff plausibly stated Section 1983 conspiracy claims. (*Id.* 19, 21). Therefore, "[a]s Plaintiff's allegations thus appear, on the face of the [Complaint], to have at least 'some chance of success,' Plaintiff has satisfied the requirement that he make a 'threshold showing of merit.'" *Wali v. One Source Co.*, No. 07-CV-7550, 2009 WL 3170110, at *2 (S.D.N.Y. Sept. 30, 2009) (quoting *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989)).

But "before appointment will even be considered," "the statute itself requires that the indigent be unable to obtain counsel." *Hodge*, 802 F.2d at 61. Here, plaintiff "has not shown an inability to obtain counsel on his own," and "has not indicated" in any of his three motions "whether he [h]as contacted any law firms requesting representation or whether he has sought legal assistance from" relevant legal aid programs, such as Prisoners' Legal Services of New York. *Pagan v. Dougherty*, No. 18-CV-1668, 2019 WL 2616975, at *10 (D. Conn. June 26, 2019). While Plaintiff's Motion alleges he has "taken several steps to obtain an attorney . . . [but has] been unable to find" one, (*see* Appl. for Appointment of Counsel 1–2 (Dkt. No. 60)), he must show that his "effort to engage counsel [was] a reasonably diligent effort under the

circumstances," *Williams v. Barometre*, No. 20-CV-06744, 2021 WL 3037449, at *2 (S.D.N.Y. July 14, 2021), and must provide some "evidence of his attempts to find an attorney," *Arnold v. Doe*, No. 11-CV-1342, 2013 WL 3716519, at *8 (D. Conn. July 12, 2013).  Accordingly, the Court must deny his motion to appoint counsel and will not consider the remaining *Hodge* factors.

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel is denied without prejudice.  Plaintiff may renew his request and provide the Court with additional information regarding his circumstances, if they materially change, and describing in greater detail his efforts to obtain counsel.  The Clerk of Court is directed to mail a copy of this Order to Plaintiff and to terminate the pending motions (Dkt. Nos. 60, 62, 67).

SO ORDERED.

DATED:    October 29, 2025
              White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4