Case 7:23-cv-04566-KMK    Document 73    Filed 11/24/25    Page 1 of 5

RECEIVED

NOV 2 4 2025

PRO SE OFFICE

United States District Court
Southern District of New York

————————————————————X

SEAN SALLEY,
    Plaintiff,

 —against—

MICHAEL CAPRA, Superintendent,
et. al.,
    Defendants.

————————————————————X

**M O T I O N  T O  C O M P E L
A N S W E R S  T O
I N T E R R O G A T O R I E S**

Case  N O.: 23-CV-4566(KMK)

Plaintiff, SEAN SALLEY, moves this Court for an Order requiring Defendants' MICHAEL CAPRA and TASBITUL M. ALAM, to fully answer the questions in Plaintiff's interrogatories to Defendants.

The Defendants' in their responses to Planitiff's First Set of Interrogatories dated August 29, 2025, a copy which is atached to this Motion as Exhibit "A", offered no response and/or offered a response that is evasive to Plaintiff's questions whatsoever. Not a single answer was given by either defendant to any of Planitiff's questions.

An answer to an interrogatory must be responsive to the question, it should be complete in itself and not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers. See, **Fed. R. Civ. P. 33.**

In Interrogatories 1-24 for Defendant Capra, and Interrogatories 1-22 for Defendant Alam, Planitiff asks Defendants to specify the facts that support its answers and to describe all documents relating in their answers. Without citing cases, Defendants use a slew of reasons it is not required to answer the interrogatories. Defendants cite that Planitiff's interrogatories are, "vague and ambiguous, contentious and argumentative, assumes facts and premises that are not warranted, mischaracterizes the facts, is not susceptible to responses,

seeks information that is priviliged or confidential, seeks information not relevant to any claim in this action, and is unduly burdensome.

In spite of Defendants contentions, a party may inquire into the factual or evidentiary basis of its adversary's position. The scope of questions that can be asked in interrogatories is as broad as Rule 26. This basically means that all nonpriviliged, relevant information can be inquired into. The better rule appears to be that an interrogatory is proper if it would serve any substantial purpose, such as clarifying the issue in the case. Which, indubitably, all of the questions in Plaintiff's interrogatories to Defendants sought to clarify.

## Defendant MICHAEL CAPRA'S Interrogatories

In Interrogatory Number 1 to Defendant Capra, Plaintiff asks the simple question to describe the Incarcerated Individual Liaison Committee [hereinafter "ILC"] role, and their interactions with Defendant Capra and his administration. Defendant Capra objected to the interrogatory on the grounds that it was vague, and seeks information not related to the issues in the action. Notwithstanding the objection, Defendant Capra referred Plaintiff to NYSDOCCS'S Directive #4002, for a description of the ILC and the role of the superintendent. Plaintiff contends that Defendant Capra's response was evasive and provided no adequate response. Especially when one of Plaintiff's claims is that he was transferred in retaliation as a result of his advocacy as an ILC member.

In Interrogatory Number 4, to Defendant Capra. Plaintiff asks if Defendant Capra was aware that ILC members may not be transferred in retaliation for voicing grievances regarding prison conditions. Plaintiff further asked if using a false pretense of a "medical need" to transer an ILC member would justify the transfer of an ILC member. Defendant Capra objected to the interrogatory on grounds that it was contentious and argumentative, asserted legal conclusions to which no response was required, assumed premises that were unwarranted, and was not susceptible to a response. Notwithstanding the objection, Defendant Capra responded by referring Plaintiff to his response to Planitiff's Interrogatory

No. 3. Planitiff contends that Defedant Capra's answer to Interrogatory No. 4 was evasive within itself, and neither interrogatory number 3 or 4 provided an adequate answer to the questions.

In Interrogatories Numbers 6, 7, 8, 9, 10, 11, 12 and 13. Plantiff posed questions to Defendant Capra regarding the ILC, ILC agendas, and his [Capra] interaction with Plaintiff and the ILC. Without providing a complete answer, Defendant Capra referred Plaintiff to evasive answers that Defendant Capra provided in other interrogatories.

In Interrogatory Number 23, Plaintiff asks Defendant Capra if he is, or has been the subject of any civil suits pertaining to the allegations contained in Plaintiff's civil suit against him by other members of the ILC during the time of Plaintiff's term as an ILC member. Defendant Capra objected to the interrogatory on grounds that it sought information not relevant to any claim or defense in this action, and was otherwise overbroad. Notwithstanding the objection, Defendant Capra responded that he was not the subject of any lawsuit brought by any other Plaintiff asserting the claims asserted in this lawsuit. Which is clearly an incomplete, evasive, and incorrect answer.

### Defendant T. Alam's Interrogatories

In Plaintiff's Interrogatory Number 1 to Defednant Alam. Plaintiff asks Defendant Alam to describe in detail the full and proper medical procedure which takes place when an incarcerated individual [hereinafter "I/I"] complains of back soreness. Defendant Alama objected to the interrogatory on the grounds that it was vague and overbroad and not susceptible of a cogent response. Notwithstanding the objection, Defendant Alam simply stated that he adhered to the standards of the medical profession and the policies and guidelines of the MYSDOCCS, without citing what those policies and guidlines are, or giving a cite, reference or location where Plaintiff could locate them.

In Interrogatory No. 2, Plaintiff asks Defendant Alam if he could state whether the full and proper medical procedure (outlined in Plaintiff's Interrogatory #1) was undertaken with respect to Planitiff's case. Defendant Alam objected to the interrogatory on grounds that it was vague and overbroad and susceptible of a cogent response. Notwithstanding the objection, Defendant Alam responded by again referring Plaintiff to the standards of the medical profession and the policies of the NYSDOCCS, without citing what those policies and guidelines were, or giving a cite, reference or location where Plaintiff could locate them.

In Interrogatory No. 3, Plaintiff asks Defendant Alam to describe his conversation with Plaintiff regarding Planitiff's complaint of over-exerting himself doing physical exercises. Defendant Alam objected to the interrogatory on grounds that it was vague and ambiguous as to what information was sought from the conversation.  Notwithstanding the objection, Defendant Alam responded by referring Plaintiff to the medical records generated for March 4, 2022, bearing the Bates Numbers Salley. S 00026-Salley. S 00030, and produced on July 30, 2025. However, **the documents that Defendant Alalm refer Plaintiff to have no relevancy whatsoever to Plaintiff's question.**

In Interrogatory No. 5, Plaintiff asks Defendant Alam if making a medical assessment and/or determination of any person without first conducting an examination is a common and standard practice for any doctor or medical health care provider, no matter whether that person was in a correctional facility, or at a hospital in society. Defendant Alam objected to the interrogatory on the grounds that it was vague and ambiguous, contentions and argumentative, makes assumptions about facts that were not warranted, and makes conclusory assertions that were not accurate. Notwithstanding the objection, Defendant Alam responded by referring Plaintiff to the policies and guidelines of the NYSDOCCS, without citing what those policies and guidelines of the NYSDOCCS were or how to locate them.

In Interrogatories No. 6-22, Defendant Alam continues to offer evasive and/or incomplete answers that provide no adequate response to Plaintiff's questions. Additionally, the Defendants have provided absolutely no response to any of Plaintiff's request for the production of documents for Plaintiff to compare the answers made in their interrogatories.

Plaintiff hereby requests that the Defendants' be Ordered to serve amended responses to the interrogatories and to produce the documents that Plaintiff has requested for the reasons set forth in this motion.

Dated:  **November 14, 2025**

Mr. Sean Salley #02a4785
Plaintiff, Pro se
Shawangunk Corr. Facility
200 Quick Rd., P.O. Box 700
Wallkill, NY 12589

This application is denied. First, it is untimely. Fact discovery ended on August 29, 2025. This application is therefore late by over two months. Second, it is without merit. Defendants have represented in discovery and in response to this application that much of what Plaintiff seeks does not exist. Moreover, many of the interrogatories and the objections to the responses are improper, because they call for legal conclusions, are vague, or seek irrelevant information.

The Clerk is respectfully directed to mail this document to Plaintiff.

So Ordered.

1/7/26